# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALEXANDER GATZIMOS MD JD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:11-CV-316-TLS |
| | ) | |
| DAVID FRUM, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff, Dr. Alexander Gatzimos, has sued David Frum, the former president and CEO of St. Catherine Regional Hospital for defamation and tortious interference with a contractual relationship. According to the Plaintiff, the Defendant made a false and defamatory statement that the Plaintiff was inappropriately prescribing narcotic medications, and that these statements caused the Plaintiff to lose independently contracted emergency department work at St. Catherine. The Defendant has moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56 [ECF No. 30]. The Defendant has also moved to strike various exhibits that the Plaintiff offered in response to the Defendant's Motion for Summary Judgment [ECF No. 38].

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to

find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the non-moving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Swearnigen–El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). The court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

In response to the Defendant's Motion for Summary Judgment, the Plaintiff filed twelve exhibits that he submits demonstrate triable issues of fact. The Defendant has moved to strike numerous of these exhibits or portions thereof as inadmissible, asserting that they lack proper authentication, are not relevant to the claims and defenses in this litigation, or contain hearsay. The Court will not discuss each exhibit and its admissibility. Rather, as the Court addresses the legal issues brought about by the Plaintiff's claims and the Defendant's Motion for Summary Judgment, the Court will analyze the facts under the governing procedural and substantive law and disregard any irrelevant, inadmissible, conclusory, or speculative assertions or exhibits. To the extent an exhibit or statement of fact requires additional discussion, the Court will include

the discussion in the analysis section of this Opinion.

## STATEMENT OF FACTS

The Plaintiff is an internal medicine specialist. From September 2007 through April 2009, the Plaintiff was employed by St. Catherine Physician Services of Indiana, LLC, and worked at St. Catherine Regional Hospital in Charlestown, Indiana, in an offsite office on the hospital's campus. The Defendant was the president and CEO at St. Catherine Regional Hospital from December 2008 through May 2010. In April 2009, St. Catherine Physician Services terminated the Plaintiff's professional services agreement, stating that he had engaged in behavior contrary to the interests of St. Catherine Physician Services and the Hospital. This behavior was cited to include the following:

> failing to appropriately advise St. Catherine Regional Hospital administration of suspected unlawful activity in your practice prior to reporting such activities to external law enforcement, failing to use sound medical judgment in your practice to prevent drug diversion and bringing up personal issues about another physician before the general Medical Staff (including the disclosure of confidential electronic communication improperly obtained by you).

(Gatzimos Dep., Ex. D, ECF No. 32-4 at 31.)

The suspected unlawful activity refers to a report the Plaintiff made to police that two members of the staff working in his office were inappropriately filling prescriptions for controlled substances for themselves and their spouses, using blank prescription pads that the Plaintiff had signed. The Plaintiff believes that his course of action with respect to the unlawful activity taking place in his office was proper because he reported it to authorities immediately upon learning of the activity, he asked for and obtained permission to share the information with the Hospital administration, and he told them of the events the same day. He believes that his

practice of signing prescriptions to be prepared by staff was a common and accepted practice. The comments about another physician refer to Dr. George Alcorn, a physician at St. Catherine Regional Hospital with whom the Plaintiff had ongoing conflict. Dr. Alcorn had accused the Plaintiff of being an impaired physician. The Plaintiff believes that he was justified in his course of action related to Dr. Alcorn because Dr. Alcorn made the false accusation of impairment and was creating a hostile work environment. The Plaintiff also believed that Dr. Alcorn suffered from bipolar disorder. The Plaintiff has not addressed St. Catherine's belief that he breached Dr. Alcorn's email account.

After the termination of his professional services agreement, the Plaintiff continued to work at St. Catherine Regional Hospital in its Emergency Department as an independent contractor for EmCare, an emergency room staffing company. Soon after he began working in the Emergency Department, the Hospital received complaints from patients of significant work-ups for minor emergency issues. The Defendant relayed the nature of these complaints to the Medical Director of the Emergency Department, Dr. Scott Cobel, and asked him to clinically review the complaints. Dr. Cobel reported to the Defendant that he did not find any clinical issues with the Plaintiff's work-ups. When the Hospital continued to receive patient complaints, the Plaintiff asked Dr. Cobel to assign the Plaintiff to emergency departments other than at St. Catherine. After the Plaintiff stopped receiving shifts at St. Catherine Regional Hospital, EmCare helped him find work in Wabash, Indiana, over three hours away.

## ANALYSIS

**A.    Defamation**

The Plaintiff has sued the Defendant for defamation, pointing to a communication that he alleges the Defendant made in July 2009.[1] "A defamatory communication is one that tends to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007) (citation, quotation marks, and brackets omitted). To prove a claim of defamation, a plaintiff must prove (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Trail v. Boys and Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006); *Schrader v. Eli Lilly and Co.*, 639 N.E.2d 258, 261 (Ind. 1994).

The Plaintiff cannot proceed to trial on his claim of defamation because there is no credible evidence from which a jury could conclude that the Defendant made the statement upon which the Plaintiff bases his lawsuit. According to the Plaintiff, the Defendant verbally communicated to two representatives of EmCare—Dr. Cobel and a regional director—that the Plaintiff was inappropriately prescribing controlled drugs. Specifically, in the Statement of Facts section of his response brief, the Plaintiff asserts that "[i]n July 2009 Frum falsely alleged that Gatzimos was inappropriately prescribing narcotics in his capacity as an E[mergency] D[epartment] Physician." (Pl.'s Brief at 6, ECF No. 35.) The Plaintiff does not designate any evidence in support of the assertion, citing only to his Complaint.

---

[1] In his Complaint, the Plaintiff includes statements made, not only by the Defendant, but by Dr. Alcorn. However, in response to the Defendant's request for summary judgment, the Plaintiff focuses on the statement he contends the Defendant made in July 2009 about his prescribing practices for narcotic medications while he worked in the Emergency Department. This renders moot the Defendant's statute of limitations defense.

The Defendant explicitly denies that he ever communicated to Dr. Cobel or others any problem with the Plaintiff's prescribing practices in the Emergency Department. In his deposition testimony, the Defendant denies ever directing Dr. Cobel to review the Plaintiff's medical records relative to prescribing controlled substances. The Defendant further states that he did not have knowledge of any such review or receive any written reports from Dr. Cobel.

In response to the Defendant's designated facts, the Plaintiff cannot rest on bare pleadings alone but must use the evidentiary tools listed in Rule 56 to designate specific material facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). The Seventh Circuit has emphasized that summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with the evidence that will prove his case, which means evidence on which a reasonable jury could rely. *Goodman*, 621 F.3d at 654; *see also Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." (internal quotation marks omitted)). The Plaintiff was not present during the conversation where he alleges that the Defendant made the statement about the Plaintiff's prescribing practices. The Plaintiff does not submit that he was told by anyone who was present that they heard the Defendant make such a statement. Thus, his testimony on this point would not be admissible. Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Inadmissible evidence will not overcome a summary judgment motion. *Haywood v.*

*Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003). The Plaintiff has not submitted the testimony from a single source who could verify that the Defendant made the statement at issue.

The Court is mindful that it must construe all facts in a light most favorable to the nonmoving party, and view all reasonable inferences in that party's favor. *See Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000). The Court thus considers whether there is other evidence in the record upon which a reasonable jury could rely to infer that the Defendant made the alleged statement. The Plaintiff hopes that a written "ED Chart Review" conducted by Dr. Cobel and dated July 20, 2009, supports such an inference. (Pl.'s Designation of Evidence Ex. 9, ECF No. 36.) The document, designated by the Plaintiff as Exhibit 9, contains the written findings from a review of the Plaintiff's Emergency Department charts from May, June, and July 2009. The criteria for the review included, among others, "controlled substances usage" and "drug seekers & AMAs." (*Id.*, ECF No. 36 at 29.) The other categories for review were the standard of care followed, discharge instructions, and documentation. The opinions and conclusions in the written report addressed all of these categories, stating that the standard of care was followed in "99+%" cases, the Plaintiff's documentation was "excellent," drug seekers were cared for "appropriately," incomplete charts were "rare," and the discharge instructions were "thorough and well thought out." (*Id.*)

The Plaintiff has not authenticated Exhibit 9, and the Court does not have any basis to conclude that it is what the Plaintiff states. *See* Fed. R. Evid. 901(a) ("the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). Because the Plaintiff does not provide an affidavit from the author of the report or custodian of the document concerning its authenticity, it is not admissible. *Article II Gun Shop, Inc. v.*

*Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006); *Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003). Even if Exhibit 9 were properly authenticated and the Court considered it for purposes of ruling on the Defendant's Motion, it does not create any material issues of fact to support the Plaintiff's defamation claim. There is no evidence in the document or elsewhere that a finder of fact could rely upon to conclude that Dr. Cobel's chart review was prompted by a statement or allegation made by the Defendant. Dr. Cobel's review addressed various aspects of Emergency Department care, such as the completeness of his medical charts and discharge instructions to patients. Yet the Plaintiff does not suggest that they were prompted by statements or complaints about these areas of his medical practice, and there is no evidence to suggest they were. But the Plaintiff asks the Court to rely on this same evidence to conclude that the inquiry regarding controlled substances was undertaken because the Defendant made certain allegations about the Plaintiff to Dr. Cobel. The review could have just as readily been conducted—based on the record before the Court—as part of EmCare's or St. Catherine's routine chart auditing and medical record review for Emergency Department care. The review could have been prompted by the background and history of the Plaintiff, or by the statements of someone other than the Defendant. There is simply no evidence in the record that ties the Defendant to the chart review, and the Plaintiff's attempts to create such an inference are too speculative. *See Parker v. Fed. Nat'l Mortg. Ass'n*, 741 F.2d 975, 980 (7th Cir. 1984) ("The district court is not required to evaluate every *conceivable* inference which can be drawn from evidentiary matter, but only reasonable ones.").

"When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own." *Marion v.*

*Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011). The Plaintiff has failed to produce evidence sufficient to create a triable issue of fact whether the Defendant made the statement that the Plaintiff attributes to him in this litigation.

**B.    Tortious Interference**

The basis of the Plaintiff's tortious interference claim is that the Defendant made a false accusation against him in July 2009 that he was overprescribing medication, and then ordered the Plaintiff terminated from St. Catherine Regional Emergency Department work.

The elements of an action for tortious interference with a contract are: (1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach. *Bragg v. City of Muncie*, 930 N.E.2d 1144, 1147 (Ind. Ct. App. 2010); *Levee v. Beeching*, 729 N.E.2d 215, 221 (Ind. Ct. App. 2000). "One who induces a party to a contract to break it, intending to injure another person or to get a benefit for himself, commits an actionable wrong unless there is sufficient justification for the interference." *Bragg*, 930 N.E.2d at 1147 (citing *Wade v. Culp*, 23 N.E.2d 615, 618 (Ind. Ct. App. 1939)). "A party breaches a contract when he fails to perform all the obligations which he has agreed to undertake." *Levee*, 729 N.E.2d at 222.

The Plaintiff's claim that the Defendant intentionally induced a breach of his contract with EmCare is contingent on the Defendant having actually accused the Plaintiff of overprescribing medications. Therefore, the Defendant is entitled to summary judgment for the same reasons set out in the analysis of the defamation claim—there is no reliable and admissible

9

evidence upon which a reasonable jury could find he made the statement. Additionally, the Plaintiff has not established that EmCare breached any contract with the Plaintiff. Although the Plaintiff asserts that the reason he contracted with EmCare was to work at St. Catherine, he does not designate any evidence to show that EmCare was contractually obligated to assign the Plaintiff to St. Catherine. *See, e.g., Gatto v. St. Richard Sch., Inc.*, 774 N.E.2d 914, 922 (Ind. Ct. App. 2002) (summary judgment appropriate for claim of tortious interference with contract where contract was not breached).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant David Frum's Motion for Summary Judgment [ECF No. 30], and DENIES AS MOOT the Defendant David Frum's Motion to Strike [ECF No. 38]. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on December 16, 2013.

                                  s/ Theresa L. Springmann
                                  THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT
                                  FORT WAYNE DIVISION